FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

JUN 24  4 07 PM '96

RALPH L. DELOACH
BY _____ DEPUTY
AT TOPEKA, KS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

FLOYD R. ADAMS, et al.,         )
                                )
                  Plaintiffs,   )
     vs.                        )   Case No. 94-4201-RDR
                                )
THE STATE OF KANSAS,            )
                                )
                  Defendant.    )
_____)

## MEMORANDUM AND ORDER

This is an action brought by the plaintiffs pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. Plaintiffs are present and former employees of the State of Kansas. This matter is presently before the court upon defendant's motion to dismiss for lack of jurisdiction.

Defendant seeks dismissal based upon Eleventh Amendment immunity. Defendant argues that the United States Supreme Court's recent decision in Seminole Tribe of Florida v. Florida, 134 L.Ed.2d 252 (1996) requires dismissal of this action for lack of jurisdiction. Defendant asserts that Seminole Tribe dictates that Congress did not act pursuant to a valid exercise of power in passing the FLSA.

The Eleventh Amendment to the Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although the text of the amendment speaks only of suits against a state by persons who are not citizens of that state, the

Supreme Court has interpreted the Eleventh Amendment to extend to suits by all persons against a state in federal court. Port Authority Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). The Eleventh Amendment bar to suit, however, is not absolute. Id. States may consent to be sued in federal court or Congress may abrogate their constitutional immunity. Id.

In Seminole Tribe, the Court considered whether Congress had properly abrogated the states' Eleventh Amendment immunity in passing the Indian Gaming Regulatory Act (IGRA) pursuant to the Indian Commerce Clause. The Court concluded that it did not. In reaching that conclusion, the Court noted that two questions must be answered to determine if Congress has abrogated the states' immunity from suit: "first, whether Congress has 'unequivocally expresse[d] its intent to abrogate the immunity,' and second, whether Congress has acted 'pursuant to a valid exercise of power.'" 134 L.Ed.2d at 266 (quoting Green v. Mansour, 474 U.S. 64, 68 (1985)). The Court indicated that it was "unmistakably clear" that Congress intended to abrogate Eleventh Amendment immunity in enacting IGRA. Id. at 266-67. The Court, however, concluded that Congress had no power to abrogate Eleventh Amendment immunity under the Indian Commerce Clause. Id. at 276-77. The explanation for this conclusion provides the basis for the defendant's argument in this case and the reason why the court must grant the defendant's motion. The Court noted that authority to abrogate had been found under only two constitutional provisions in prior decisions: the Fourteenth Amendment, see Fitzpatrick v.

2

Bitzer, 427 U.S. 445 (1976), and the Interstate Commerce Clause, see Pennsylvania v. Union Gas Co., 491 U.S. 1 (1989). Id. at 268-69. The Seminole Tribe Court determined that the plurality decision in Union Gas should be overruled because it was wrongly decided. Id. at 273. Accordingly, the Court concluded that the Indian Commerce Clause, which was noted as indistinguishable from the Interstate Commerce Clause, did not allow Congress to abrogate the Eleventh Amendment in the enactment of IGRA. Id. at 276-77.

Applying Seminole Tribe to the instant case, the court must conclude that Congress does not have the authority under the FLSA to abrogate the states' Eleventh Amendment immunity. There is no dispute that Congress intended to abrogate Eleventh Amendment immunity in enacting the FLSA. See 29 U.S.C. § 216(b)("any employer (including a public agency)" is subject to liability under the FLSA); 29 U.S.C. § 203(x)("public agency" is defined as "the Government of the United States; the government of a State or political subdivision thereof; any agency of . . . a State; or any interstate governmental agency."). Moreover, there is no question that Congress passed the FLSA pursuant to the Interstate Commerce Clause. 29 U.S.C. § 202(b)("It is declared to be the policy of this chapter, through the exercise by Congress of its power to regulate commerce among the several States and with foreign nations. . . ."). Thus, because the FLSA was enacted pursuant to the Interstate Commerce Clause and because Seminole Tribe determined that Congress does not have authority under the Interstate Commerce Clause to abrogate a state's Eleventh Amendment

3

immunity, there can be no cause of action against a state or any of its agencies under the FLSA. Accordingly, the court does not have subject matter jurisdiction over this case and it must be dismissed.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. # 106) be hereby granted. This action is hereby dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated this 24th day of June, 1996 at Topeka, Kansas.

/s/ Richard D. Rogers
United States District Judge